IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
ARTHUR LEE SEWALL, JR.,
Respondent.

No. 79437

**FILED**

APR 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order suppressing evidence in a criminal case. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. The district court suppressed a portion of respondent Arthur Lee Sewall, Jr.'s police statement for a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Reviewing the district court's determination of Sewall's custodial status de novo and its related findings of fact for clear error, *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005), we affirm.

*Miranda* warnings must precede a custodial interrogation or a suspect's statement will be excluded. *Id.* at 191, 111 P.3d at 695. "'Custody' for *Miranda* purposes means a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Id.* Absent formal arrest, we consider whether the totality of the circumstances would lead a reasonable person to feel not at liberty to leave, "including the site of the interrogation, whether objective indicia of an arrest [were] present, and the length and form of questioning." *State v. Taylor*, 114 Nev. 1071, 1081-82, 968 P.2d 315, 323 (1998) (internal footnote omitted).

It is undisputed that Sewall was not given *Miranda* warnings at any relevant time. The State argues that no warnings were required because Sewall was not in custody when he gave his voluntary statement to police investigators. The district court concluded that the circumstances

20-14478

would lead a reasonable person to believe he was not free to leave because the investigators did not disagree when Sewall suggested that he would be going to jail and they also prevented Sewall from calling his wife.

Considering the totality of the circumstances, we agree with the district court's conclusion. First, the site of the interrogation suggests that Sewall was in custody, as he was questioned at a police station and was driven there by police officers, such that he would need a ride home to leave. *See Carroll v. State*, 132 Nev. 269, 282, 371 P.3d 1023, 1032 (2016). Second, objective indicia of arrest developed over the course of the interrogation. Although the investigators initially made clear that Sewall could terminate the conversation and leave after they collected fingerprints, photographs, and a DNA sample, that sentiment changed during the interrogation. In particular, after discussing inculpatory DNA and ballistic evidence with Sewall and hearing Sewall suggest that he was going to jail, the investigators did not repudiate Sewall's suggestion or reiterate that he was free to leave, which suggested that Sewall was correct in his assessment of the situation. A reasonable person who is confronted with evidence of guilt, offers his view that he is going to jail, and is met with implicit agreement would not feel free to leave.[1] *See Miley v. United States*, 477 A.2d 720, 722 (D.C. 1984) (concluding that a reasonable person would not feel free to leave when confronted with obvious evidence of guilt); *People v. Reyes*, 909

---

[1]The State's argument that the investigators didn't repudiate Sewall's view because they were uncertain whether local authorities would arrest Sewall for a separate crime does not change the effect that their response would have on a reasonable person's understanding of whether he was free to leave. In fact, that argument emphasizes that Sewall was not free to leave because the local authorities could decide to arrest him. In this respect, the investigators' subjective understandings are irrelevant. *See Taylor*, 114 Nev. at 1082, 968 P.2d at 323.

SUPREME COURT
OF
NEVADA

(O) 1947A

N.Y.S.2d 65, 66 (App. Div. 2010) (similar). The custodial nature of the interrogation was reinforced by the investigators' promise to contact jail personnel to secure better jail conditions, as that suggested that his arrest had become inevitable.

Because the district court's factual findings are supported by the record and we agree with its conclusion that Sewall was in custody and therefore should have been given *Miranda* warnings, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Valerie Adair, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Law Office of Christopher R. Oram
       Joel M. Mann, Chtd.
       Eighth District Court Clerk